LLOYD & TRIBBLE *v.* M. M. QUEEN, ETC.

**Mechanic's Lien—Sufficiency of Evidence.**

The evidence was held not to sh owthat plaintiffs had a mechanic's lien on the property in question.

APPEAL FROM DAVIESS CIRCUIT COURT.

December 16. 1872.

8

OPINION BY JUDGE LINDSAY:

The right of Tribble to subject to the payment of his debt the house and lot in his petition mentioned, depends upon whether the note sued on was executed for a balance due for carpenters and joiners' work done on said house. This fact is expressly denied by Bemy. There is testimony showing that appellant did such work during the winter of 1867 and 1868, and that the job was not completed until July, 1868. But there is no evidence showing that any part of the work remained unpaid for until December 24, 1868, when the note was executed, and no evidence tending to show the consideration for the note except the recital therein contained. As this note was not executed by Queen and wife until after the liens of the various appellees had been created, they are in no wise affected by such recitals.

In the absence of proof showing that the debt sued on was for carpenters' and joiners' work done on the house built by Queen and wife, it was difficult for the court to conclude that appellants held a mechanic's lien on the property at all, much less to declare it superior to the undoubted liens held by appellees.

The proof certainly did not authorize any other relief than that appellants have obtained and they have no ground of complaint.

*Sweeney & Stewart, for appellants.*

*Williams, for appellees.*